70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dante BUSALACCHI, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
v.
DIEDE CONSTRUCTION, INC., Third-Party-Defendant-Appellee.
 No. 94-15935.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Dec. 1, 1995.
 
 Before: SCHROEDER, FLETCHER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dante Busalacchi appeals from summary judgment in favor of the government in his action under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346, 2674, relating to a fall from a roof while working for an independent contractor employed by the United States. Since the district court's decision, we have rendered an opinion in Yanez v. United States, No. 93-16943, slip op. 13839 (9th Cir. Oct. 23, 1995), which requires reversal on two of Busalacchi's claims. As we see no other error, we affirm in part and reverse in part.
 
 
 3
 Under Yanez, Busalacchi may pursue his claim that the government breached its duty to use reasonable care in approving the contractor's safety plan. Id., slip op. at 13847. The safety plan provides that "[a]ny person working in elevated areas will be protected by safety belts or guard railings when necessary." Busalacchi contends that the phrase "when necessary" is ambiguous, was actually understood differently by the contractor and the government, and is susceptible of an interpretation that it replaced otherwise applicable government regulations and generally accepted construction practices governing protection for workers on the roof. Evidence to this effect raises a triable issue.
 
 
 4
 Busalacchi's claim that the government breached its duty because it had knowledge of safety violations and the right under its contract with Diede to take corrective action is also controlled by Yanez. Id., slip op. at 13850-51. There is evidence that Simeroth was at the site, that a safety manager for GSA reported the presence of men on the building without fall protection to the Navy Safety Office, and that the government was aware of concern about continuing to work on the roof because of high winds on the day of the accident. By virtue of p 52(d) of the government's contract with Diede, it had the right to request corrective action for any condition posing a serious danger to safety. This suffices to withstand summary judgment.[1]
 
 
 5
 Busalacchi's other contentions fail. First, there was no duty to warn of the risk under Crane v. Smith, 144 P.2d 356 (Cal.1943), as there was no hidden danger. Nor does Doggett v. United States, 875 F.2d 684 (9th Cir.1989), apply to this case where the government's liability can readily be analogized to that of private individuals. Finally, Williams v. State, 664 P.2d 137 (Cal.1983), does not establish the applicability of the Good Samaritan doctrine since there is no indication that Busalacchi relied on the government's asserted assumption of control over safety.
 
 
 6
 Each side is to bear its own costs.
 
 
 7
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider the government's letter of October 23, 1995, rearguing the appeal instead of asking leave to file a post-argument brief